NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-07-HRW

GARY BENTLEY                                                                                    PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, ET AL.                                                                DEFENDANTS

The plaintiff, Gary Bentley, who is currently confined in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2]. The Court will address the motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous

or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff alleges that the defendants have engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. He states that on November 15, 2005, he was diagnosed by the LSCC physician as being allergic to polyester and wool. As a result, he cannot wear the coats issued by the LSCC because they contain both polyester and wool. He alleges that he filed a grievance requesting the issuance of a cotton coat. He alleges that "34 days after the medical dept directed the institution staff to do the act in question the plaintiff still did not receive the coat." [Complaint Form, § IV (B)] He complains that he is forced to exist without a coat in freezing temperatures.

On December 19, 2005, the plaintiff filed a grievance about the delay and/or denial of a cotton coat, which he attached to his complaint. The grievance aide at LSCC responded on December 23, 2005, and stated that although the LSCC had ordered a coat made of 100% cotton, staff discovered upon its arrival that the either the cuffs or the lining were made of a wool/polyester blend. The Grievance Aide responded that the prison tailor was in the process of making a coat made of 100% cotton. He specifically apologized for the delay, and stated that if all went as planned, the plaintiff would have a 100% cotton coat by January 1, 2006.

In a handwritten supplement to the complaint, the plaintiff further alleged that unidentified "staff" threatened to put him in administrative segregation if he kept filing complaints. Citing *Monell v. Department of Social Services*, 436 U. S. 658, 691 (1978), he also alleged that "the policies are the moving force behind the mention constitutional violations." That claim is broadly construed as a retaliation claim under the First Amendment.

### NAMED DEFENDANTS

The plaintiff names the following defendants: (1) Gary Beckstrom, the warden of the LSCC, (2) Jane and John Does, and (3) Jane and John Does, "Nurses and Doctors."

### RELIEF REQUESTED

The plaintiff seeks recovery of his filing fees and monetary damages in the amount of $1,000.00 for each day which he has been "forced to live under these conditions." He also seeks punitive damages in the amount of $10,000.00 and injunctive relief in the form of an order requiring the LSCC to provide him with a cotton coat [Complaint Form, §V].

### DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999). Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it.

The Kentucky Department of Corrections ("KDOC") has promulgated a set of administrative regulations at 501 K. A. R. 6:010, which govern prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner in a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head, or

3

institutional staff.

If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee [*Id.*, §(2)]. The Committee's decision must be forwarded to the warden, who is responsible for making a final written decision [*Id.*, §2(c)-(d)]. A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections by using a specific form described in §3(a) of the *Inmate Grievance Process*.

First, while the instant plaintiff did follow the Grievance Aide step concerning the denied coat claim, it does not appear that he followed any of the subsequent administrative remedies set forth in CPP 14.6 with regard to this claim.[1] Specifically, he did not allege that he attempted to file an appeal to either the warden of the LSCC or to the Commissioner of the KDOC as required by CPP §14.6.

Second, regarding his claim of alleged retaliation, the plaintiff makes no mention that he even pursued the administrative remedy procedure process set forth in CPP §14.6--even the Grievance Aide step. This failure renders the entire complaint subject to dismissal under the "Total Exhaustion" doctrine, which the Sixth Circuit has recently adopted. This rule requires district courts to dismiss without prejudice a mixed complaint (alleging both exhausted and unexhausted claims) for failure to exhaust administrative remedies whenever there is a single unexhausted claim, despite

---

[1] The Court finds persuasive a recent unpublished Sixth Circuit opinion dated December 5, 2005, which affirmed an order of dismissal which Judge Hood entered earlier this year in *Norbert Steven Wilcox v. Travis Bowen*, Lexington Civil Action No. 05-CV-120-JMH. In that case, Wilcox complained about several aspects of the conditions of his confinement at the Northpoint Training Center. The plaintiff claimed that he did not file an appeal with the KDOC Commissioner because he suspected that the grievance he filed at Northpoint Training Center might have been "destroyed." Judge Hood determined that because Wilcox had not appealed the jail's decisions to the KDOC Commissioner as required by CPP §14.6, he had not demonstrated that he had *fully* exhausted his claims. On appeal, the Sixth Circuit agreed with Judge Hood, specifically concluding that the plaintiff's failure to follow all of the steps within the KDOC's scheme justified dismissal for failure to exhaust.

the presence of other exhausted claims. *See Jones Bey v. Johnson*, 407 F.3d 806 (6th Cir. 2005) 25 ("We now join the Tenth and Eighth Circuits in holding that total exhaustion is required under the PLRA."). "Pursuant to this circuit's opinion in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir.2005), it is now clear that total exhaustion of all claims is required in order for a prisoner to bring a civil rights action in this court." *Williams v. Overton*, 2005 WL 1513102, *3 (6th Cir.(Mich.) June 22, 2005) (Despite Williams' exhaustion of an accommodation claim, *Jones Bey* required dismissal of the entire action due to Williams' failure to exhaust his medical claims).

Based upon the plaintiff's failure to exhaust his First Amendment claim, the Court determines that dismissal of the entire action, without prejudice, is warranted.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This January 18, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge